IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED IRONWORKERS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-553-NJR-MAB |
| | ) |
| TRAVELERS PROPERTY CASUALTY | ) |
| COMPANY OF AMERICA, | ) |
| TRAVELERS INDEMNITY | ) |
| COMPANY, | ) |
| NEC INSURANCE, INC., and | ) |
| PAUL K. DICKEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Final Judgment Under Rule 54(b) filed by Defendants Travelers Property Casualty Company of America and Travelers Indemnity Company ("Travelers Defendants") and NEC Insurance, Inc. ("NEC") (Doc. 68). On January 2, 2019, the Court granted the motions to dismiss filed by Defendants (Doc. 64). Count I, a claim against Travelers under the Illinois Consumer Fraud and Deceptive Business Practice Act, was dismissed for improper venue because the Court found it was subject to arbitration (*Id.*). Count III, a claim under the Racketeer Influenced and Corrupt Organizations (RICO) Act, was dismissed with prejudice for failure to state a claim as to all Defendants (*Id.*). Defendants now request an order of final judgment as to Counts I and III. Plaintiff did not file a response in opposition.

Generally, an adjudication of one but not all claims or parties is not immediately

appealable or enforceable. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 186 (7th Cir. 2011). However, Rule 54(b) permits a district court to direct entry of a final judgment as to one claim or party if it determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). A Rule 54(b) certification entails a two-step analysis. First, the Court must determine whether the judgment is final in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). Second, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial administration and the equities involved. *Id.* at 8.

The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Id.* Nevertheless, district courts are not to use Rule 54(b) unless there is a good reason for doing so. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). Where claims are substantively intertwined—for example, where the pending claims factually overlap with those for which a Rule 54(b) judgment is sought—a Rule 54(b) judgment is inappropriate. *See General Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 380 (7th Cir. 2011).

In this case, the Travelers Defendants have been dismissed and, thus, they are no longer involved in the action (see Doc. 64). And Count III, Plaintiff's RICO Act claim, was dismissed with prejudice as to both the Travelers Defendants and NEC. Nonetheless, the Court does not find this case appropriate for Rule 54(b) certification. The breach of contract claim remaining in this case arises from the same set of somewhat complicated facts—at least with regard to the RICO claim against all Defendants—such that a single

appeal of all claims, if any appeal is taken, would be the wisest expenditure of judicial resources. Furthermore, Defendants have not explained how their interest in finality outweighs the possibility of duplicative appeals. Thus, the Court is not convinced that there is no just reason for delay in this case.

For this reason, Defendants' Motion for Final Judgment Under Rule 54(b) (Doc. 68) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 10, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**